# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | |
|---|---|
| **GUS L. SINGLETON IV, individually and on behalf of all persons similarly situated,** | **Civil Action No.: 5:22-cv-123** |
| **Plaintiff,** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **v.** | **Jury Trial Demanded** |
| **AMERICAN MERCHANDISING SPECIALISTS, INC.,** | |
| **Defendant.** | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Gus L. Singleton IV ("Plaintiff" or "Singleton"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this lawsuit against American Merchandising Specialists, Inc. ("AMS Retail" or "Defendant"), seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA"). The foregoing allegations are made on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1.      Defendant AMS Retail is a retail support company that delivers a variety of retail solutions to promote and increase the sales of AMS Retail's clients' products within retailers nationwide. AMS Retail employs individuals, such as Plaintiff and those similarly situated, to travel to retailers, maintain and repair clients' products, audit and stock product, monitor inventory levels, build product displays, and update product pricing and signage.

2.      This case is about AMS Retail's failure to pay its salary non-exempt employees all the wages to which they are entitled, including regular and overtime wages. As described in further detail below, AMS Retail administered unlawful policies requiring non-exempt Field Service Representatives, Field Marketing Representatives, Product Advisors, Field Technicians and other similar roles, however titled (collectively, "Field Representatives"), to perform off-the-clock work while carrying out their job duties, and, as a result, Field Representatives did not receive overtime pay for hours regularly worked in excess of forty (40) hours in a workweek.

## JURISDICTION AND VENUE

3.      Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant is incorporated and headquartered in this District, conducts business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

5.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, because those claims derive from a common nucleus of operative facts.

## PARTIES

6.      Plaintiff Gus L. Singleton IV is a citizen of Ohio and resides in Newark, Ohio. Plaintiff worked for Defendant as a Field Service Representative from approximately March 2018 to February 2021. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a plaintiff in this action. *See* Exhibit A.

7.      Defendant American Merchandising Specialists, Inc. is a registered North Carolina corporation that does business in the State of Ohio. AMS Retail provides retail support to leading suppliers nationwide as a third-party labor agency. Defendant's clients include, for example,

Samsung, Bosch, Husqvarna, and Bissell. *See* https://merchandisers.net/about/ (last visited Aug. 2, 2022).

8.    Defendant's corporate headquarters is located at 177 Barley Park Lane, Mooresville, North Carolina 28115.

9.    Defendant employed Plaintiff and continues to employ similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

10.    The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

11.    During all times relevant hereto, Plaintiff was an employee of Defendant and was covered by the FLSA.

12.    Defendant is an employer covered by the FLSA.

13.    Defendant employs individuals, including Field Service Representatives, in Ohio, as well as other states.

14.    Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

15.    Defendant's annual gross sales exceed $500,000.

## COLLECTIVE DEFINITION

16.    Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following collective:

> All current and former non-exempt employees who were paid by American Merchandising Specialists, Inc. to perform supplier maintenance and merchandising services in the United States during the applicable limitations period and were denied proper overtime compensation as a result of Defendant's willful policies (the

3

"FLSA Collective").

17.     Plaintiff brings Counts II through IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current and former non-exempt employees who were paid by American Merchandising Specialists, Inc. to perform supplier maintenance and merchandising services in the State of Ohio during the applicable limitations period and were denied proper overtime compensation as a result of Defendant's willful policies (the "Ohio Class").

18.     The FLSA Collective and the Ohio Class are together referred to as the "Classes" and the members of the Classes are "Class Members."

19.     Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as may be warranted or necessary.

## FACTUAL BACKGROUND

20.      Defendant provides retail advocacy, merchandising, and maintenance support solutions to Defendant's supplier clients to help increase product sales at retailers nationwide.

21.     Defendant employs "retail professionals in all 50 states and Canada." *See* https://merchandisers.net/about/ (last visited Aug. 2, 2022).

22.     From approximately March 2018 to February 2021, Plaintiff was employed as a non-exempt Field Service Representative in Ohio.

23.     Plaintiff performed supplier maintenance and merchandising services primarily for Defendant's client, Bissell, at larger retailers such as Lowes and mid-sized retailers such as PetSmart, Ace Hardware, and Meijer's. Plaintiff observed that some Class Members worked for Defendant's other clients, including but not limited to, Bosch, Samsung, and Husqvarna at similar retailers.

24.     Plaintiff's primary job duties included traveling to different retailers to take Bissell

4

carpet cleaners apart, empty and clean the carpet cleaners to ensure they were ready for the next customer rental, perform product inventory to ensure that all carpet cleaners were accounted for and report any missing carpet cleaners, restock shampoos, conduct aduits of product displays, and upload captured photographs of product displays onto Defendant's management application.

25.     Plaintiff observed that Class Members were employed by Defendant to perform similar maintenance and merchandising services for Defendant's other supplier clients.

26.     The primary job duties of Plaintiff and Class Members do not fall under any exemptions under the FLSA or the OMFWSA.

## Defendant Failed to Pay Class Members Properly

27.     Plaintiff received job assignments from Defendant via Natural Insights ("NI"), a retail task management platform utilized by Defendant and their competitors in the retail support industry for distributing job assignments.

28.     Once job assignments were sent via NI, Plaintiff was then responsible for meeting Defendant's job assignment deadlines as established by Defendant and its client, which entailed setting a weekly schedule to complete those job assignments within Defendant's established deadlines.

29.     Plaintiff's typical workday included travel to four (4) to seven (7) retailers over the course of a workday.

30.     Upon arrival to each jobsite, Plaintiff clocked in on NI and performed his assigned job duties at that respective location. Upon completion of his assigned tasks, Plaintiff clocked out on NI. Drive time was recorded for time spent traveling between each retailer upon arriving at the next location.

31.     However, in preparation for his workday, Plaintiff was also required to perform

various categories of home-based work. Specifically, Plaintiff would receive, and load boxes sent from Defendant and/or Defendant's clients into a company-provided vehicle. In the aggregate, this amounted to about 70 minutes of off-the-clock work per week.

32. Plaintiff was also required to parse through job tasks pegged to various assigned retailers on NI and schedule his workweek to meet deadlines as established by Defendant and Defendants' clients. Furthermore, Plaintiff routinely received emails from Defendant containing specific directives that he was expected to follow, and printed instructions required for completing more specialized projects.

33. Plaintiff was also required to wash his mats, dusters, gloves, and towels to ensure that all supplies were ready to be used prior to beginning his workday. In the aggregate, these activities amounted to approximately 120 minutes of off-the-clock work per week.

34. In total, Plaintiff worked approximately 190 minutes off-the-clock per week.

35. Despite Defendant's knowledge of the time required for Plaintiff to complete the entirety of his job duties (indeed, Defendant allowed Plaintiff the ability to claim up to an hour of administrative time per week), Defendant nonetheless maintained a policy of only paying Plaintiff for time spent working inside each retailer and driving in-between retailers.

**Plaintiff and Class Members Did Not Receive Proper Overtime Compensation**

36. Plaintiff regularly worked five (5) to six (6) days per week, typically between forty-three (43) and forty-five (45) hours per week.

37. Plaintiff observed that other Class Members routinely worked similar schedules.

38. Plaintiff and Class Members were required and expected to work over forty (40) hour per week by Defendant.

39. Although the workload assigned to Plaintiff and Class Members typically required

6

them to work more than forty (40) hours per week, Defendant failed to pay them overtime compensation for *__all__* hours in excess of forty (40) hours per week, as required by the FLSA.

40. Instead, Plaintiff and Class Members were only paid for time spent working inside each retailer and drive time, notwithstanding the actual time that Plaintiff and Class Members spent preparing for their workday and performing administrative duties.

### Defendant Willfully Violated the FLSA and State Wage Laws

41. Defendant's actions in violation of the FLSA were or are made willfully to avoid liability under the FLSA.

42. Despite being knowledgeable about the wide array of job duties required of Plaintiff and Class Members beyond time spent inside each retailer, Defendant has failed to make, keep, and preserve records with respect to Plaintiff and Class Members sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

43. Even though the FLSA and applicable state law requires overtime premium compensation for hours worked over 40 per week, Defendant does not pay Field Representatives, such as Plaintiff, overtime premium compensation for overtime hours worked.

44. Defendant has failed to pay Plaintiff and other Field Representatives all overtime compensation owed.

45. By failing to pay all of the overtime compensation owed to Plaintiff and other Field Representatives, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA and OMFWSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

46.    Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

47.    Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

48.    Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously-described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

49.    Specifically, Defendant failed to pay overtime as required by the FLSA for all hours worked in excess of forty per workweek.

50.    The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant use.

51.    Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff incorporates by reference the foregoing allegations as if set forth herein.

53.     Plaintiff brings this action individually and in a representative capacity on behalf of a class of persons who have worked for Defendant AMS Retail in Ohio and who meet the definition of the putative class members set forth above during any time in the two years prior to the date of filing Plaintiffs' complaint.

54.     The members of the Ohio Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the Ohio Class.

55.     Defendants have engaged in the same conduct towards Plaintiff and the other members of the Ohio Class.

56.     The injuries and damages to the Class present questions of law and fact that are common to each class member within the Class, and that are common to the Class as a whole.

57.     Plaintiff will fairly and adequately represent and protect the interests of the Ohio Class, and all of its putative class members because there is no conflict between the claims of Plaintiff and those of the Ohio Class, and Plaintiff's claims are typical of the claims of the Ohio Class.

58.     Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

59.     There are questions of law and fact common to the proposed Ohio Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate the laws of Ohio through its policy or practice of improperly paying Plaintiff and other Field Representatives for all overtime compensation owed to Plaintiff and other Field Representatives.

60. Plaintiff's claims are typical of the claims of the Ohio Class in the following ways, without limitation: (a) Plaintiff is a member of the Ohio Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Ohio Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Ohio Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Ohio Class members; and (e) the injuries suffered by Plaintiff is similar to the injuries suffered by the Ohio Class Members.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions affecting only individual Class members.

62. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Ohio Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Ohio Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

63. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Ohio Class members, while substantial, are not great enough to enable them to maintain

separate suits against Defendant.

64.     Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Ohio Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

65.     All previous paragraphs are incorporated as though fully set forth herein.

66.     The FLSA requires that covered employees be compensated overtime compensation for all hours worked in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1).

67.     Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

68.     At all relevant times, Defendant was, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

69.     During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

70.     Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

71.     Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

72.     Defendant's compensation scheme applicable to Plaintiff and the FLSA Collective

failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

73.     Defendant knowingly failed to compensate Plaintiff and the FLSA Collective for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

74.     Defendant also knowingly failed to create, keep and preserve records with respect to work performed by Plaintiff and the FLSA Collective sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

75.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

76.     Pursuant 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II
### Violation of the OMFWSA
### (On Behalf of Plaintiff and the Ohio Class)

77.     All previous paragraphs are incorporated as though fully set forth herein.

78.     Overtime compensation due to Ohio workers is governed by R.C. 4111.03(A).

79.     Defendant is subject to the overtime requirements under the ORC because Defendant is an employer under RC 4111.03(D)(2).

80.     During all relevant times, Plaintiff and the Ohio Class were covered employees entitled to the above-described protections. *See* R.C. 4111.03(D)(3).

81.     Defendant willfully failed to pay Plaintiff and the Ohio Class overtime wages for

all hours worked over 40 hours in a workweek under R.C. 4111.03(A).

82. Pursuant to R.C. 4111.10(A), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the ORC shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

83. As a result of Defendant's willful violations of Ohio law, Plaintiff and the Ohio Class are entitled to recover from Defendant their unpaid overtime wages together with the costs of suit.

## COUNT III
## Record-Keeping Violation Under Ohio Law
### (On Behalf of Plaintiff and the Ohio Class)

84. All previous paragraphs are incorporated as though fully set forth herein.

85. Defendant failed to maintain records of the Ohio Class Members' hours worked for each day worked.

86. Defendant's failure to maintain such records violations Section 34a and entitle Plaintiff and Ohio Class Members the remedies provided by that Section as well as O.R.C. 4111.14.

## COUNT IV
## Unjust Enrichment Under Ohio Law
### (On Behalf of Plaintiff and the Ohio Class)

87. All previous paragraphs are incorporated as though fully set forth herein.

88. Defendant has received and benefited from the uncompensated labors of Plaintiff and the Ohio Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

89. At all relevant times hereto, Defendant devised and implemented a plan to increase

its earnings and profits by fostering a scheme of securing work from Plaintiff and the Ohio Class without paying overtime compensation for all hours worked.

90.     Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the Ohio Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

91.     By reason of having secured the work and efforts of Plaintiff and the Ohio Class without paying overtime compensation as required by law, Defendant enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Ohio Class. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

92.     Accordingly, Plaintiff and the Ohio Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

   a.  An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

   b.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Ohio Class;

   c.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

   d.  Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

   e.  Liquidated damages and penalties to the fullest extent permitted under the law;

   f.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims and issues.

Dated: September 7, 2022

Respectfully submitted,

*s/ Jeffrey L. Osterwise*
Jeffrey L. Osterwise
Camille Fundora Rodriguez, *Pro Hac Vice Forthcoming*
Alexandra K. Piazza, *Pro Hac Vice Forthcoming*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
josterwise@bm.net
crodriguez@bm.net
apiazza@bm.net

*Attorney for the Plaintiff and the Proposed FLSA Collective and Ohio Class*