IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| **GUS L. SINGLETON IV, individually and on behalf of all persons similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AMERICAN MERCHANDISING SPECIALISTS, INC.,**<br><br>**Defendant.** | Civil Action No.: 5:22-cv-123<br><br>**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiff Gus L. Singleton IV ("Plaintiff" or "Singleton"), on behalf of himself and all others similarly situated, by and through his attorneys, hereby files this First Amended Collective Action Complaint ("FAC" or "Complaint") against American Merchandising Specialists, Inc. ("AMS Retail" or "Defendant"), seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). This FAC is filed as of right pursuant to FED. R. CIV. P. 15(a)(1)(B), and it relates back to the date of the original pleading pursuant to FED. R. CIV. P. 15(c). The foregoing allegations are made on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1. Defendant AMS Retail is a retail support company that delivers a variety of retail solutions to promote and increase the sales of AMS Retail's clients' products within retailers nationwide. AMS Retail employs individuals, such as Plaintiff and those similarly situated, to travel to retailers, maintain and repair clients' products, audit and stock product, monitor inventory levels,

build product displays, and update product pricing and signage.

2. This case is about AMS Retail's failure to pay its salary non-exempt employees all the wages to which they are entitled, including regular and overtime wages. As described in further detail below, AMS Retail administered unlawful policies requiring non-exempt Field Service Representatives, Field Marketing Representatives, Product Advisors, Field Technicians and other similar roles, however titled (collectively, "Field Representatives"), to perform off-the-clock work while carrying out their job duties, and, as a result, Field Representatives did not receive overtime pay for hours regularly worked in excess of forty (40) hours in a workweek.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant is incorporated and headquartered in this District, conducts business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

5. Plaintiff Gus L. Singleton IV is a citizen of Ohio and resides in Newark, Ohio. Plaintiff worked for Defendant as a Field Service Representative from approximately March 2018 to February 2021. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a plaintiff in this action. *See* ECF No. 1-1.

6. Defendant American Merchandising Specialists, Inc. is a registered North Carolina corporation that does business in the State of Ohio. AMS Retail provides retail support to leading suppliers nationwide as a third-party labor agency. Defendant's clients include, for example, Samsung, Bosch, Husqvarna, and Bissell. *See* https://merchandisers.net/about/ (last visited Aug. 2,

2022).

7. Defendant's corporate headquarters is located at 177 Barley Park Lane, Mooresville, North Carolina, 28115.

8. Defendant employed Plaintiff and continues to employ similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

9. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

10. During all times relevant hereto, Plaintiff was an employee of Defendant and was covered by the FLSA.

11. Defendant is an employer covered by the FLSA.

12. Defendant employs individuals, including Field Service Representatives, in Ohio, as well as other states.

13. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

14. Defendant's annual gross sales exceed $500,000.

## **COLLECTIVE DEFINITION**

15. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following collective:

> All current and former non-exempt employees who were paid by American Merchandising Specialists, Inc. to perform supplier maintenance and merchandising services in the United States during the applicable limitations period and were denied proper overtime compensation as a result of Defendant's willful policies (the "FLSA Collective").

3
Case 5:22-cv-00123-KDB-DCK   Document 9   Filed 11/04/22   Page 3 of 12

16. Plaintiff reserves the right to redefine the Collective prior to notice or collective certification, and thereafter, as may be warranted or necessary.

## FACTUAL BACKGROUND

17. Defendant provides retail advocacy, merchandising, and maintenance support solutions to Defendant's supplier clients to help increase product sales at retailers nationwide.

18. Defendant employs "retail professionals in all 50 states and Canada." *See* https://merchandisers.net/about/ (last visited Aug. 2, 2022).

19. From approximately March 2018 to February 2021, Plaintiff was employed as a non-exempt Field Service Representative in Ohio.

20. Plaintiff performed supplier maintenance and merchandising services primarily for Defendant's client, Bissell, at larger retailers such as Lowes and mid-sized retailers such as PetSmart, Ace Hardware, and Meijer's. Plaintiff observed that some Collective Members worked for Defendant's other clients, including but not limited to, Bosch, Samsung, and Husqvarna at similar retailers.

21. Plaintiff's primary job duties included traveling to different retailers to take Bissell carpet cleaners apart, empty and clean the carpet cleaners to ensure they were ready for the next customer rental, perform product inventory to ensure that all carpet cleaners were accounted for and report any missing carpet cleaners, restock shampoos, conduct aduits of product displays, and upload captured photographs of product displays onto Defendant's management application.

22. Plaintiff observed that Collective Members were employed by Defendant to perform similar maintenance and merchandising services for Defendant's other supplier clients.

23. The primary job duties of Plaintiff and Collective Members do not fall under any exemptions under the FLSA.

**Defendant Failed to Pay Collective Members Properly**

24. Plaintiff received job assignments from Defendant via Natural Insights ("NI"), a retail task management platform utilized by Defendant and their competitors in the retail support industry for distributing job assignments.

25. Once job assignments were sent via NI, Plaintiff was then responsible for meeting Defendant's job assignment deadlines as established by Defendant and its client, which entailed setting a weekly schedule to complete those job assignments within Defendant's established deadlines.

26. Plaintiff's typical workday included travel to four (4) to seven (7) retailers over the course of a workday.

27. Upon arrival to each jobsite, Plaintiff clocked in on NI and performed his assigned job duties at that respective location. Upon completion of his assigned tasks, Plaintiff clocked out on NI. Drive time was recorded for time spent traveling between each retailer upon arriving at the next location.

28. However, in preparation for his workday, Plaintiff was also required to perform various categories of home-based work. Specifically, Plaintiff would receive, and load boxes sent from Defendant and/or Defendant's clients into a company-provided vehicle. In the aggregate, this amounted to about 70 minutes of off-the-clock work per week.

29. Plaintiff was also required to parse through job tasks pegged to various assigned retailers on NI and schedule his workweek to meet deadlines as established by Defendant and Defendants' clients. Furthermore, Plaintiff routinely received emails from Defendant containing specific directives that he was expected to follow, and printed instructions required for completing more specialized projects.

30. Plaintiff was also required to wash his mats, dusters, gloves, and towels to ensure that all supplies were ready to be used prior to beginning his workday. In the aggregate, these activities amounted to approximately 120 minutes of off-the-clock work per week.

31. In total, Plaintiff worked approximately 190 minutes off-the-clock per week.

32. Despite Defendant's knowledge of the time required for Plaintiff to complete the entirety of his job duties (indeed, Defendant allowed Plaintiff the ability to claim up to an hour of administrative time per week), Defendant nonetheless maintained a policy of only paying Plaintiff for time spent working inside each retailer and driving in-between retailers.

**Plaintiff and Collective Members Did Not Receive Proper Overtime Compensation**

33. Plaintiff regularly worked five (5) to six (6) days per week, typically between forty-three (43) and forty-five (45) hours per week.

34. Plaintiff observed that other Collective Members routinely worked similar schedules.

35. Plaintiff and Collective Members were required and expected to work over forty (40) hour per week by Defendant.

36. Although the workload assigned to Plaintiff and Collective Members typically required them to work more than forty (40) hours per week, Defendant failed to pay them overtime compensation for ***all*** hours in excess of forty (40) hours per week, as required by the FLSA.

37. Instead, Plaintiff and Collective Members were only paid for time spent working inside each retailer and drive time, notwithstanding the actual time that Plaintiff and Collective Members spent preparing for their workday and performing administrative duties.

**Defendant Willfully Violated the FLSA**

38. Defendant's actions in violation of the FLSA were or are made willfully to avoid

liability under the FLSA.

39. Despite being knowledgeable about the wide array of job duties required of Plaintiff and Collective Members beyond time spent inside each retailer, Defendant has failed to make, keep, and preserve records with respect to Plaintiff and Collective Members sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

40. Even though the FLSA requires overtime premium compensation for hours worked over 40 per week, Defendant does not pay Field Representatives, such as Plaintiff, overtime premium compensation for overtime hours worked.

41. Defendant has failed to pay Plaintiff and other Field Representatives all overtime compensation owed.

42. By failing to pay all of the overtime compensation owed to Plaintiff and other Field Representatives, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## **COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

44. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

45. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's

7

Case 5:22-cv-00123-KDB-DCK   Document 9   Filed 11/04/22   Page 7 of 12

previously-described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

46. Specifically, Defendant failed to pay overtime as required by the FLSA for all hours worked in excess of forty per workweek.

47. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant use.

48. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of Plaintiff and the FLSA Collective)**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. The FLSA requires that covered employees be compensated overtime compensation for all hours worked in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1).

51. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

52. At all relevant times, Defendant was, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

54. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

55. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

56. Defendant's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

57. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

58. Defendant also knowingly failed to create, keep, and preserve records with respect to work performed by Plaintiff and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

59. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

60. Pursuant 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid

minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

c. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages and penalties to the fullest extent permitted under the law;

e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims and issues.

Dated: November 4, 2022　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*s/ Jeffrey L. Osterwise*
　　　　　　　　　　　　　　　　　　Jeffrey L. Osterwise
　　　　　　　　　　　　　　　　　　Camille Fundora Rodriguez, *Pro Hac Vice Forthcoming*
　　　　　　　　　　　　　　　　　　Alexandra K. Piazza, *Pro Hac Vice Forthcoming*
　　　　　　　　　　　　　　　　　　BERGER MONTAGUE PC
　　　　　　　　　　　　　　　　　　1818 Market Street, Suite 3600
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　Tel.: (215) 875-3000
　　　　　　　　　　　　　　　　　　Fax: (215) 875-4604
　　　　　　　　　　　　　　　　　　josterwise@bm.net
　　　　　　　　　　　　　　　　　　crodriguez@bm.net
　　　　　　　　　　　　　　　　　　apiazza@bm.net

*Attorney for the Plaintiff and the Proposed FLSA Collective*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was caused to be served upon counsel for Defendant via the Court's ECF system on November 4, 2022.

*s/ Jeffrey L. Osterwise*
Jeffrey L. Osterwise
