IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-CV-123-KDB-DCK

| | |
|---|---|
| GUS L. SINGLETON IV, individually, and on behalf of all persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN MERCHANDISING SPECIALISTS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **CONSENT PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For A Consent Protective Order" (Document No. 29) filed July 20, 2023. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Consent Protective Order as follows.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon motion of the parties, and it appearing that the discovery process in this action may involve the production of information that a party may contend is confidential and/or proprietary and good cause exists for the entry of an Order limiting the disclosure of such information;

**IT IS, THEREFORE, ORDERED** that:

1. This Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as "CONFIDENTIAL INFORMATION." The Court understands that included in the types of information which may be sought or used by the parties in this case are confidential sensitive personal, medical, and financial information about Defendant's employees as well as confidential business and financial information pertaining to Defendant's

business that derives commercial value from being kept secret from the public. The Court hereby orders production of confidential records and information so long as those records and that information may be otherwise discoverable under the law subject to the following:

2. Definitions:

a. "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in the parties' Definitions to their discovery requests and Fed. R. Civ. P. 34.

b. "Material" means any documents, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

c. "Parties" means Plaintiff Gus L. Singleton IV, individually and on behalf of all persons similarly situated and Defendant American Merchandising Specialists, Inc.

d. "Confidential Information" as used herein includes personal, financial and health record related records of current and former employees of Defendant, and all business, financial or other sensitive information, which is not generally accessible to the public, whether documentary or otherwise, designated as "confidential" and disclosed by any party in this action in response to an interrogatory, a request for production of documents, a deposition or otherwise, or disclosed by any third party in response to a subpoena, deposition question or otherwise. The designation of documents or information as Confidential Information shall not be conclusive for purposes of the substantive issues in this case. The definition of Confidential Information does not establish or create any presumption that such information is discoverable or admissible and this Order shall be without prejudice to the right of any party to oppose production of any information on any other ground.

3. A party or witness may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.

4. A party or witness may designate as "Confidential Information" any material produced in the course of discovery that contains confidential information by conspicuously labeling each document with the word "CONFIDENTIAL." In the case of deposition transcripts and exhibits, the parties may designate such materials as "Confidential" by a statement to that effect on the record by counsel for the party who claims that Confidential Information is about to be or has been disclosed, or by letter thereafter, submitted within twenty (20) days of the receipt of the deposition transcript. In the event Confidential Information is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such response, transcript, or exhibit shall be redacted before filing or filed under seal if necessary.

5. In the event confidential, proprietary, or sensitive material is inadvertently produced without placing the designation "Confidential" thereon, the party or witness may, subsequent to the production (or subsequent to the 20-day period for designating deposition transcripts), designate the material as Confidential Information. In the event, the material shall be treated in accordance with the terms of this Order from the time of designation. Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of its claim of confidentiality with respect to either the information so disclosed or any other related information.

6. Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information, and information derived therefrom, shall be used solely in the

prosecution or defense of the claims between the parties and shall not be used or disclosed by any person for any other purpose.

7. In the event a party objects to another party's designation of any material as Confidential Information, that party may apply to the Court for a ruling that the material shall not be so treated. Before applying to the Court, either party shall contest the right of the opposing party to designate documents as Confidential Information in writing and served on the other party at any time after receipt of such information, specifically identifying by bates number or otherwise each document to which an objection is raised. If, after the parties have met and conferred, the designating party wishes thereafter to have the documents treated as Confidential Information, that party shall move for a protective order under Fed. R. Civ. P. 26(c) within twenty (20) days of receipt of the other party's objection; provided, however, that until the Court enters an order, if any, changing the designation of the material, it shall be treated as Confidential as provided in this Order. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Acceptance by a party of any Confidential Information, document, or thing identified as Confidential Information hereunder shall not constitute a concession that the information, document, or thing is Confidential Information.

8. No party shall be deemed to have waived any objections to the admissibility of any Confidential Information into evidence in any proceeding in this action.

9. Except under further order of the Court, information or documents designated as Confidential Information shall not be disclosed to any person, except a "Qualified Person." For purposes of this Order, "Qualified Person" includes the following:

a. The corporate representative(s) of Defendant and Plaintiff, and their respective counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts to the extent deemed necessary by counsel;

d. Any third-party witnesses or potential witnesses who counsel reasonably deemed necessary for the preparation and trial of this action;

e. Reporters taking testimony and their support personnel; and

f. The Court or the jury at trial or as exhibits to motions.

10. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

a. Inform the person of the confidential nature of the information or documents; and

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the prosecution or defense of the claims between the parties and has enjoined the disclosure of that information or documents to any other person.

11. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 9(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as **Exhibit A**. In the event such person refuses to sign an agreement in the form attached as **Exhibit A**, the party desiring to disclose the Confidential Information may seek appropriate relief from this Court.

12. For the purpose of Paragraphs 9(d) and (f) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

13. This Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

14. The attorneys of record are responsible for employing reasonable measures to control, consistent with the Order, duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any Confidential Information except to create working copies, deposition exhibits, motion and pleading exhibits, or trial exhibits, for use in accordance with the terms of this Order.

15. This Order is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. Counsel may move for a modification of this Order at any time that the interests of justice appear to so require.

16. The ultimate disposition of materials protected by this Order is subject to a final order of the Court upon the completion of litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree to destroy or return within sixty (60) days after the termination of this litigation, any and all documents in their possession or control containing information which is the subject of this Order, including without limitation, any copies or excerpts of such documents. Counsel for the parties may retain all

documents to be kept in counsels' files and otherwise subject to the terms of this Order for purposes of complying with the applicable rules of professional conduct.

**SO ORDERED**.

Signed: July 21, 2023

David C. Keesler
United States Magistrate Judge

**WE SO CONSENT**:

s/ Camille Fundora Rodriguez
Jeffrey L. Osterwise
Camille Fundora Rodriguez, *Pro Hac Vice*
Alexandra K. Piazza, *Pro Hac Vice*
Michael J. Anderson, *Pro Hac Vice*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
T: 215.875.3000
F: 215.875.4604
josterwise@bm.net
crodriguez@bm.net
apiazza@bm.net
manderson@bm.net

*Attorneys for Plaintiff*

s/ Philip A. Hinson
Kevin V. Parsons, NC Bar No. 19226
Philip A. Hinson, NC Bar No. 42907
LEWIS BRISBOIS BISGAARD & SMITH LLP
521 East Morehead Street, Suite 250
Charlotte, NC 28202
T: 704.557.9929
F: 704.557.9932
Kevin.Parsons@lewisbrisbois.com
Philip.Hinson@lewisbrisbois.com

*Attorneys for Defendants*

**Exhibit A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Gus L. Singleton IV, individually and on behalf of all persons similarly situated v. American Merchandising Specialist, Inc.</u>, U.S. District Court for the District of Western North Carolina, Civil Action No. 5:22-cv-123-KDB-DCK, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information designated as "Confidential" to anyone other than a Qualified Person as defined in the Protective Order, and I further agree to use information designated as "Confidential" solely for the purpose of this litigation and to refrain from disclosing any Confidential Information in a manner inconsistent with the Protective Order.

DATED: _____

_____
Signature

_____
Name (printed)

8

Case 5:22-cv-00123-KDB-DCK   Document 30   Filed 07/21/23   Page 8 of 8