IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00123-KDB-DCK

| | |
|---|---|
| GUS L. SINGLETON IV, **Plaintiff,** v. AMERICAN MERCHANDISING SPECIALISTS, INC., **Defendant.** | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's Motion for Conditional Class Certification and to Facilitate Notice under 29 U.S.C. § 216(b). (Doc. No. 31). In response, Defendant does not oppose conditional certification, Plaintiff's proposed notice, or the procedure by which Plaintiff plans to distribute such notice. *See* Doc. No. 35. Rather, Defendant opposes the temporal scope of the proposed FLSA action collective, arguing it is ambiguous. For the reasons briefly discussed below, the Court will grant the Motion and define the temporal scope of the collective as the three-year period prior to the filing of the Complaint.

This action arises out of Defendant American Merchandising Specialists, Inc.'s alleged failure to pay overtime compensation to Plaintiff and similarly situated employees who performed supplier maintenance and merchandising services in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). In seeking to conditionally certify a collective class of similarly situated employees, Plaintiff proposes a notice to "all current and former non-exempt employees who were paid by AMS to perform supplier maintenance and merchandising services in the United States between [three years from the date of the Court's Order] and the present." *See* Doc. No. 31

1

at 1. Defendant argues that this language is ambiguous and proposes that the collective should be defined as "at any time within the preceding 3-years from the date the notice is sent." Having considered the parties' arguments, the Court will adopt neither proposal. Instead, the Court will require notice to all current and former non-exempt employees who were paid by Defendant to perform supplier maintenance and merchandising services in the United States between three years prior to the filing of the Complaint and the present. Recognizing the FLSA's broad remedial purpose and because equitable tolling issues often arise as to individual opt-in plaintiffs, courts regularly permit notice to be fixed to the three-year period prior to the filing of the complaint. *See e.g.*, *Lijun Geng v. Shu Han Ju Rest. II Corp.*, 2019 U.S. Dist. LEXIS 154246, *50 (S.D.N.Y. Sept. 6, 2019). And the Court finds that that is the appropriate collective period in this matter.

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs' FLSA claim is conditionally certified as a collective action on behalf of all current and former non-exempt employees who were paid by American Merchandising Specialists, Inc. to perform supplier maintenance and merchandising services in the United States between three years prior to the filing of the Complaint in this matter and the present and were allegedly denied proper overtime compensation as a result of Defendant's willful policies (the "FLSA Collective").

2. Plaintiff's proposed Notice, Reminder Notice, and Opt-In Consent Form are approved.

3. Defendant is instructed to provide to Plaintiffs' Counsel, within ten (10) business days, an electronic list of all persons who fit within the proposed collective, including each collective member's: (1) name, (2) last known mailing address, (3) last known telephone number, (4) last known personal email address, (5) dates and location of employment, (6) date of birth, and (7) Social Security number (last four digits only).

4. Plaintiff's Counsel, within ten (10) business days of receiving the electronic file, shall send the Notice and Opt-In Consent Form to all Collective Members via U.S. Mail, email, and text message ("Notice Date"). Plaintiff's Counsel may utilize a third-party Notice Administrator for this purpose.

5. All members of the FLSA Collective shall have ninety (90) days from the date of mailing the Notice and Opt-In Consent Form to "opt in" to this lawsuit. Members of the FLSA Collective may submit their Opt-In Consent Forms via regular mail, electronic mail, or facsimile, and they may execute and submit their Opt-In Consent Forms online through an electronic signature service that will be established by Plaintiff's Counsel or the Notice Administrator. Opt-In Consent Forms will be considered timely if postmarked or otherwise submitted to Plaintiffs' Counsel or the Notice Administrator on or before the 90th day.

6. Plaintiff may send a reminder notice forty-five (45) calendar days after the Notice Date to members of the FLSA Collective who have not returned their Consent form as of that date.

7. All Opt-In Consent Forms will be deemed to have been filed with the Court the date that they are stamped as received by Plaintiff's Counsel or the Notice Administrator, and Plaintiff's Counsel will file them electronically on the docket on a weekly basis.

**SO ORDERED**.

Signed: August 15, 2023

Kenneth D. Bell
United States District Judge